# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ERIC DODGE,<br><br>   Plaintiff,<br>   v.<br><br>EVERGREEN SCHOOL DISTRICT #114, et al.,<br><br>   Defendants. | CASE NO. C20-5224JLR<br><br>ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS UNDER 42 U.S.C. § 1988 |

## I. INTRODUCTION

Before the court is Defendants Evergreen School District #144 ("EPS"), Jenae Gomes, and Caroline Garrett's (collectively, Defendants) joint motion for attorneys' fees and costs. (Mot. (Dkt. # 101); Reply (Dkt. # 111).) Plaintiff Eric Dodge opposes the motion. (Resp. (Dkt. # 109).) The court has reviewed the motion, the submissions in

//

//

ORDER - 1

favor of and in opposition of the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES the motion.

## II. BACKGROUND

The underlying case involved various claims arising out of Defendants' response to and actions taken after Mr. Dodge brought a "Make America Great Again" ("MAGA") hat to professional development sessions before the 2019-2020 school year at Wy'East Middle School.[2] (*See generally* Compl. (Dkt. # 1); Am. Compl. (Dkt. # 25).) Mr. Dodge originally asserted 1) a First Amendment retaliation claim brought under 42 U.S.C. § 1983; 2) a Fifth and Fourteenth Amendment substantive due process claim brought under 42 U.S.C. § 1983; 3) claims under 42 U.S.C. §§ 1985 and 1986; 4) violations of the Washington State Constitution; 5) violations of RCW 41.06.250; 6) a defamation claim; and 7) an outrage claim. (Compl. ¶¶ 57-85.) Defendants moved to dismiss all but the outrage claim. (MTD (Dkt. # 19) at 2.)

The court upheld Mr. Dodge's First Amendment retaliation claim against Defendants' argument that Mr. Dodge had not suffered an adverse employment action. (7/30/20 Order at 6-7.) However, the court dismissed Mr. Dodge's §§ 1985 and 1986 claims, the Washington State Constitution claim, RCW 41.06.250 claim, and defamation

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court has detailed the factual and procedural background of this case in several prior orders. (*See* 7/30/20 Order (Dkt. # 24); 11/23/20 Order (Dkt. # 41); 1/13/21 Order (Dkt. # 52); 5/3/21 Order (Dkt. # 97).) Thus, the court recounts here only the information relevant to the present motion.

claim with prejudice. (*Id.* at 13.) Specifically, the court dismissed the §§ 1985 and 1986 claims because Mr. Dodge "identifie[d] no congressional statutes or court decisions extending federal protection to" MAGA supporters. (*Id.* at 7-9.) Mr. Dodge conceded that his claim under the Washington State Constitution could not proceed. (*Id.* at 10.) The court further dismissed his RCW 41.06.250 claim because the statute did not create an implied private cause of action. (*Id.* at 10-12.) Finally, it dismissed his defamation claim because his challenged statements were those of opinion, not fact. (*Id.* at 12-13.)

The court additionally dismissed Mr. Dodge's substantive due process claim without prejudice and with leave to amend. (*Id.* at 13.) Specifically, the court recognized that Mr. Dodge could not "double up" constitutional claims but found his substantive due process claim to be "vague . . . without explaining what conduct violated which right." (*Id.* at 5.) Thus, the court "allow[ed] [Mr.] Dodge an opportunity to amend his [c]omplaint to explain exactly what conduct supports his different constitutional claims." (*Id.* at 6.) Mr. Dodge subsequently amended his complaint to include three remaining claims: (1) § 1983 First Amendment retaliation; (2) § 1983 substantive due process "stated in the alternative to" the First Amendment claim; and (3) outrage. (Am. Compl. ¶¶ 59-71.) Defendants moved for summary judgment on all remaining claims. (Dist. 1st MSJ (Dkt. # 36) at 1; Garrett 1st MSJ (Dkt. # 39) at 1.)

The court again upheld Mr. Dodge's First Amendment claim but dismissed his substantive due process and outrage claims with prejudice. (1/13/21 Order at 26.) The court rejected Defendants' argument that Mr. Dodge's MAGA hat did not constitute protected speech under the First Amendment. (*Id.* at 12-16.) However, the court held

that Mr. Dodge's substantive due process claim remained duplicative even after amendment and that there was no genuine issue of material fact supporting a finding that Defendants engaged in sufficiently outrageous and extreme conduct. (*Id.* at 16-26.)

Defendants subsequently moved for summary judgment again on the remaining First Amendment retaliation claim, this time arguing that the individual defendants—Ms. Garrett and Ms. Gomes—were protected by qualified immunity and that EPS was not liable as a matter of law under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (Dist. 2d MSJ (Dkt. # 53) at 13-20; Garrett 2d MSJ (Dkt. # 56) at 17-19.) The court granted Defendants summary judgment. (5/3/21 Order at 33.) The court held that both Ms. Garrett and Ms. Gomes were entitled to qualified immunity. (*Id.* at 18-28.) For Ms. Gomes, the court additionally held that Mr. Dodge had not established that his MAGA hat was a substantial or motivating factor driving her subsequent actions. (*Id.* at 28-29.) And finally, the court held that Mr. Dodge had not raised a genuine issue of material fact regarding causation or EPS's ratification of an unconstitutional decision—both requirements to establish *Monell* liability. (*Id.* at 30-33.) Mr. Dodge filed a notice of appeal to the Ninth Circuit Court of Appeals on May 25, 2021. (Not. of Appeal (Dkt. # 106).)

### III. ANALYSIS

Defendants move for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 because (1) Ms. Garrett and Ms. Gomes were clearly entitled to qualified immunity (Mot. at 7-10); and (2) EPS's actions were clearly insufficient to sustain *Monell* liability (*id.* at

//

10-11).[3]  A court may, in its discretion, award attorneys' fees to the prevailing party in a § 1983 action under 42 U.S.C. § 1988.  *See* 42 U.S.C. § 1988(b).  Unlike a § 1983 plaintiff, who should be awarded attorneys' fees unless special circumstances render such an award unjust, a § 1983 defendant "should not routinely be awarded attorneys' fees simply because he has succeeded." *Vernon v. City of L.A.*, 27 F.3d 1385, 1402 (9th Cir. .1994); *see also Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 968 (9th Cir. 2011) (awarding fees to prevailing defendants "only in exceptional circumstances").  This policy "avoid[s] discouraging civil rights plaintiffs from bringing suit" and thus encourages "the efforts of Congress to promote the vigorous enforcement of civil rights laws." *Harris*, 631 F.3d at 971 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)) (internal quotation marks omitted).

To that end, a prevailing defendant is only awarded attorneys' fees when the plaintiff's civil rights claims are "frivolous, unreasonable, or without foundation," or the plaintiff "continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg*, 434 U.S. at 421-22) (internal quotation marks omitted).  In evaluating whether claims are frivolous, the Supreme Court has cautioned:

> It is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.  This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

---

[3] Defendants contend only that Mr. Dodge's claims brought under § 1983 are frivolous. (*See* Mot. at 6 (arguing entitlement to attorney's fees "solely because of [Mr. Dodge's] [§] 1983 claims").)  Thus, the court does not address Mr. Dodge's remaining claims.

*Christiansburg*, 434 U.S. at 422; *see also Hughes*, 449 U.S. at 14 ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees."). Accordingly, a claim is frivolous only when "the result is obvious or the appellant's arguments . . . are wholly without merit," meaning that the Ninth Circuit has already spoken directly on the issue. *Vernon*, 27 F.3d at 1402; *Taylor AG Indus. v. Pure-Gro*, 54 F.3d 555, 563 (9th Cir. 1995). A case is "less likely to be considered frivolous when there is 'very little case law directly apposite.'" *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting *In'tl Bhd. of Teamsters v. Silver State Disposal Serv., Inc.*, 109 F.3d 1409, 1412 (9th Cir. 1997)).

Courts have largely declined to award fees when qualified immunity had been granted. *See, e.g.*, *Galen v. Cnty. of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007). In *Galen*, the court found that the plaintiff's "perseverance in his suit was not unreasonable" because of "the absence of controlling Ninth Circuit or Supreme Court authority." *Id.* Indeed, the court observed that because this absence of controlling authority rendered the law not clearly established, the plaintiff "did not have reason to know that his case was wholly without merit." *Id.* Similar, in *C.F. v. Capistrano Unified School District*, No. SACV-07-01434-JVS, 2009 WL 10698986 (C.D. Cal. Dec. 14, 2009), the court held that the very premise of qualified immunity, which allowed the defendant to prevail, "was that there was no clearly established constitutional right on the facts of this case." *Id.* at *3. Thus, the court denied an award of fees because the "vagaries of the law in this area, from which [the defendant] benefited, do not undermine the substantive validity of" the plaintiff's claim. *Id.*

Under this precedent, the court concludes that Mr. Dodge's § 1983 claims were not frivolous, unreasonable, or without foundation. For the First Amendment retaliation claim, Ms. Garrett and Ms. Gomes were entitled to qualified immunity because the outcome of the *Pickering v. Board of Education*, 391 U.S. 563 (1968) balancing test did not so clearly favor Mr. Dodge such that it would have been "patently unreasonable" for Ms. Garrett or Ms. Gomes to conclude that the First Amendment did not protect his speech. (5/3/21 Order at 20-28.) Put differently, Mr. Dodge's First Amendment claim failed because his right to wear his MAGA hat was not so "clearly established" to defeat qualified immunity. (*See id.*) This analysis involved review of the complex legal background, which did not point to a clear answer, and application of the *Pickering* balancing test, which only "further complicate[d]" a reasonable administrator's understanding and "provide[d] no clear-cut results." (*See id.* at 21-26.) Accordingly, like in *Galen* and *C.F.*, the court concludes that the absence of case law and complexity of the *Pickering* test—which benefited Ms. Garrett and Ms. Gomes in their qualified immunity argument—also renders Mr. Dodge's perseverance in his suit reasonable and not wholly without merit.[4] *See Galen*, 477 F.3d at 667; *C.F.*, 2009 WL 10698986, at *3.

None of Defendants' arguments to the contrary are availing. First, Defendants make much of the fact that claims involving the *Pickering* test "will rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity." (Mot. at 7-8 (quoting

---

[4] Defendants do not argue that Mr. Dodge's claim against Ms. Gomes is frivolous based on the alternative holding involving "substantial or motivating factor." (*See* Mot.; 5/3/21 Order at 28-29.) Aptly so. Although Mr. Dodge did not prevail, his contention resting on circumstantial evidence was not wholly without merit.

ORDER - 7

*Moran v. State of Washington*, 147 F.3d 839, 847 (9th Cir. 1998)).) But, as the court recognized in its order, Mr. Dodge's claim "may constitute 'one of those rare instances' in which *Pickering* rights are clearly established." (*Id.* at 20 (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 980 (9th Cir. 1998)).) Indeed, plaintiffs have defeated qualified immunity in cases involving *Pickering*. *See, e.g.*, *Eng v. Cooley*, 552 F.3d 1062, 1075-76 (9th Cir. 2009). Thus, the general statement of law regarding how rare it is to have clearly established *Pickering* rights does not render Mr. Dodge's claim wholly without merit.

Second, Defendants purport that "[a]ny amount of pre-suit research would have revealed . . . an absence of authority" to satisfy the "clearly established" prong. (Mot. at 8.) While the court agrees that Mr. Dodge had not identified any analogous case law (5/3/21 Order at 26-27), that very lack of controlling precedent cuts against a finding of frivolity, *see Vernon*, 27 F.3d at 1402 (analyzing whether Ninth Circuit has already spoken directly on issue as measure of claim's merit). Moreover, the court recognized that it is unnecessary to identify a case "precisely like this one" to defeat qualified immunity (5/3/21 Order at 20 (quoting *Eng*, 552 F.3d at 1076)); thus, although Mr. Dodge was ultimately unsuccessful, it was not patently unreasonable for him to have contested Defendants' assertion of qualified immunity, even without having identified a case directly on point, *see Christiansburg*, 434 U.S. at 422.[5]

//

---

[5] For the same reason, the court rejects Defendants' contention that Mr. Dodge's claims were, at the very least, frivolous starting January 29, 2021, when Defendants asserted qualified immunity in their summary judgment motions. (*See* Mot. at 9-10.)

Mr. Dodge's claim of *Monell* liability against EPS is similarly not wholly without merit. The Ninth Circuit has not directly spoken on whether a school board's decision on the appeal of a Harassment, Intimidation and Bullying ("HIB") complaint qualifies as ratification of unconstitutional conduct. *See Vernon*, 27 F.3d at 1402; (*see* 5/3/21 Order at 30-33.) Nor was there ample case law "directly apposite" Mr. Dodge's position that EPS had ratified Ms. Garrett and Ms. Gomes's allegedly unconstitutional actions by affirming the denial of his HIB complaint. *See Karam*, 352 F.3d at 1195; (*see* 5/3/21 Order at 30-33). In fact, the court concluded that it was "not at all clear" whether the school board approved of the directive to not wear the MAGA hat. (5/3/21 Order at 31.) And while Mr. Dodge "does not mention causation at all" in his briefing (*id.* at 32), that failure does not render his original assertion without foundation and does not rise to the high standard of "wholly without merit." *See Christiansburg*, 434 U.S. at 422. Because the result of EPS's *Monell* liability was not obvious, the court declines to award attorneys' fees under 42 U.S.C. § 1988. *See Vernon*, 27 F.3d at 1402.

Finally, the court reaches the same conclusion for Mr. Dodge's substantive due process claim.[6] Again, although the court ultimately dismissed the claim as duplicative of the First Amendment claim, the claim raised the novel issue of whether constitutional claims could be pled in the alternative. (*See* 1/13/21 Order at 18 ("Mr. Dodge pursues a novel strategy of pleading his substantive due process claim 'in the alternative.'"))

---

[6] It is unclear whether Defendants are arguing that Mr. Dodge's substantive due process claim merits an award of attorneys' fees, as the majority of their briefing focuses on the First Amendment retaliation claim. (*See* Mot. at 6-11.) However, because Defendants mention the due process claim (Mot. at 7 n.2), the court addresses it for the sake of completeness.

(quoting Am. Compl. ¶ 67).) When there is an absence of authority and the issue is novel, the court "cannot say that [the] resolution of [the issue] was 'obvious' or that [the legal] claims were otherwise frivolous." *Karam*, 352 F.3d at 1196. Thus, the court finds that Mr. Dodge had a reasonable basis, albeit a tenuous one, for his due process claim. *See id.*

In sum, the court concludes that Mr. Dodge's § 1983 claims were not frivolous, unreasonable, or without foundation. As such, the court finds no occasion to award attorney fees or costs to the Defendants under § 1988.

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion for attorneys' fees and costs (Dkt. # 101).

Dated this 25th day of June, 2021.

JAMES L. ROBART
United States District Judge